IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RICHARD WILLIAM SCHNEIDER**,

      Plaintiff,

    vs.                      No. CIV 06-0964 MCA/WDS

**UNITED STATES OF AMERICA**, and
**USAA CASUALTY INSURANCE COMPANY**,

      Defendants,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the following motions:  (1) *Defendant United States of America's Motion to Dismiss* [Doc. 3] filed on October 16, 2006; (2) *Defendant USAA Casualty Insurance Company's Motion to Dismiss for Failure to  State a Claim Upon Which Relief May Be Granted* [Doc. 6] filed on October 18, 2006; (3) *Plaintiff's Motion to Remand* [Doc. 10] filed on October 27, 2006; (4) *Defendant United States of America's Motion for Summary Judgment* [Doc. 24] filed on December 19, 2006; and (5) Plaintiff's *Motion to Stay a Response and Ruling on Defendant United States of America's Motion for Summary Judgment* [Doc. 25] filed on January 5, 2007.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court determines that the United States is the only proper Defendant in this action and that Plaintiff's claims must be dismissed for failure to comply with the six-month statute of limitations set forth in 28 U.S.C. § 2401(b).  For the reasons set forth below, the Defendants'

motions to dismiss are granted, the Plaintiff's motions are denied, and Defendant United States' motion for summary judgment is denied as moot.

## I.   **BACKGROUND**

On August 8, 2006, Plaintiff Richard William Schneider filed a civil action against Capt. Felix Johnfinn, USAA Casualty Insurance Company, and the Department of the Air Force in the Second Judicial District Court of the State of New Mexico.  Plaintiff's *Complaint* alleges that on the morning of August 27, 2004, he was struck by Capt. Johnfinn's vehicle while walking across a street on the grounds of Kirtland Air Force Base, which is adjacent to the City of Albuquerque, New Mexico.

On October 6, 2006, the United States Attorney for the District of New Mexico filed a certification that Capt. Johnfinn was acting within the scope of his employment with the United States Department of the Air Force, a federal agency, and was a federal employee for tort purposes at all times relevant to Plaintiff's *Complaint*.  [Doc. 1-3.]  Based on the United States Attorney's certification, the United States removed this action to the United States District Court for the District of New Mexico pursuant to the Westfall Act, 28 U.S.C. § 2679, and 28 C.F.R. §§ 15.3 and 15.4.  [Doc. 1.]  The United States also was substituted for Capt. Johnfinn and the Department of the Air Force as the only federal Defendant in this action. [Doc. 2, 18.]

On October 16, 2006, Defendant United States filed a motion to dismiss Plaintiff's claims for lack of jurisdiction based on the Federal Tort Claims Act's six-month statute of limitations.  [Doc. 3.]  Defendant USAA Casualty Company also filed a motion to dismiss.

[Doc. 6.]  Plaintiff responded by filing a motion to remand this action to state court on October 27, 2006.  [Doc. 10.]  Defendant United States subsequently filed a motion for summary judgment [Doc. 24] based on the doctrine of sovereign immunity articulated in Feres v. United States, 340 U.S. 135 (1950).  On January 5, 2007, Plaintiff moved to stay a ruling on the latter motion pending completion of discovery.  [Doc. 25.]

## II.   ANALYSIS

### A.   Plaintiff's Motion to Remand

I first address Plaintiff's motion to remand this action to state court.  In his motion, Plaintiff asserts that this Court lacks jurisdiction to rule on any other motions in this case because Defendant United States failed to remove this action within 30 days of service, and because Plaintiff disputes the United States Attorney's certification that Capt. Johnfinn was acting within the scope of his employment when his vehicle struck Plaintiff on the morning of August 27, 2004.

These assertions do not support the conclusion that this action must be remanded to state court.  Removal by the United States Attorney is not subject to the 30-day time limit contained in 28 U.S.C. § 1446(b), see McLaurin v. United States, 392 F.3d 774, 778-79 (5th Cir. 2004), and in any event the only returns of service in the record are for the Department of the Air Force and USAA Casualty Company.  [Doc. 8-2, 8-3; Ex. A to Doc. 11, 12, 15.]  Service upon the Department of the Air Force alone does not suffice to show that Plaintiff effected service on the United States or Capt. Johnfinn more than 30 days before this action was removed.  See Fed. R. Civ. P. 4(i) (stating requirements for serving the United States);

-3-

Rule 1-004(F) NMRA 2006 (stating requirements for serving an individual defendant under state law).

Moreover, the United States Supreme Court recently concluded that "Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted."  Osborn v. Haley, 127 S. Ct. 881,  894 (2007). The United States Attorney's certification in this case [Doc. 1-3] "'conclusively establish[es] scope of [Capt. Johnfinn's] office or employment *for purposes of removal*." Id. (quoting 28 U.S.C. § 2679(d)(2)).  The Osborn opinion makes clear that this Court lacks the authority to remand this action to state court.  Therefore, *Plaintiff's Motion to Remand* [Doc. 10] is denied.

### B.    Defendant United States' Motion to  Dismiss

I next address Defendant United States' motion to dismiss for lack of subject matter jurisdiction.  The grounds for this motion are that Plaintiff failed to file this action within the six-month statute of limitations set forth in 28 U.S.C. § 2401(b).  See In re Franklin Sav. Corp., 385 F.3d 1279, 1287 (10th Cir. 2004); Vernell v. United States Postal Serv., 819 F.2d 108, 111 (5th Cir. 1987) (collecting cases).

The Tenth Circuit has held that Section 2401(b)'s six-month time limit is jurisdictional.  See Esposito v. United States, 368 F.3d 1271, 1274 (10th Cir. 2004); In re Franklin Sav. Corp., 385 F.3d at 1287.  I therefore address Defendant's motion to dismiss under the standard set forth in Fed. R. Civ. P. 12(b)(1).  See Cizek v. United States, 953 F.2d 1232, 1232 (10th Cir. 1992); Trobaugh v. United States, 35 Fed. Appx. 812, at 814-15 (10th

Cir. 2002) (unpublished order and judgment citing <u>Gonzalez v. United States</u>, 284 F.3d 281, 287-88 (1st Cir. 2002)).

Motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) "generally take one of two forms:  (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based."  <u>Ruiz v. McDonnell</u>, 299 F.3d 1173, 1180 (10th Cir.2002).  In reviewing a facial attack, the Court construes Plaintiff's pleading liberally, accepts all uncontroverted, well-pleaded factual allegations as true, and views all reasonable inferences in Plaintiff's favor.  <u>See</u> <u>Stuart v. Colo. Interstate Gas Co.</u>, 271 F.3d 1221, 1225 (10th Cir. 2001).  "In reviewing a  factual attack, a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts,'" and a court's reference to such materials does not necessarily convert such a factual attack into a Rule 56 motion.  <u>Id.</u> (quoting <u>Holt v. United States</u>, 46 F.3d 1000, 1003 (10th Cir.1995)).  Unless it is shown that no re-drafting of the pleadings could cure the jurisdictional defect, a dismissal for lack of subject-matter jurisdiction generally is not a decision on the merits and, therefore, constitutes a dismissal without prejudice.  <u>See</u> Fed. R. Civ. P. 41(b); <u>Leaf v. Supreme Ct. of Wis.</u>, 979 F.2d 589, 595 (7th Cir. 1992).

In this case, Defendant United States challenges the actual facts upon which this Court's jurisdiction is based, and it is necessary to consider documentary evidence outside the four corners of Plaintiff's pleading to resolve this question [Doc. 4-2, 4-3, 16-2, 17-2], because Plaintiff's *Complaint* contains no jurisdictional allegations regarding the timing of

his exhaustion of administrative remedies or the scope of Capt. Johnfinn's employment. [Doc. 1-2.]  In response to this factual attack, Plaintiff has cited neither evidence nor legal authority to dispute the proposition that this action was filed after the expiration of the six-month time limit specified in 28 U.S.C. § 2401(b).

Instead, Plaintiff asserts that this six-month time limit does not apply because Capt. Johnfinn was not acting within the scope of his employment when his vehicle struck Plaintiff on the morning of August 27, 2004.  While the United States Attorney's certification to the contrary is conclusive for purposes of removal to federal court, such a certification does not preclude Plaintiff from challenging that certification for purposes of responding to Defendant United States' motion to dismiss.  See Osborn, 127 S. Ct. at 900.

To support his assertion that Capt. Johnfinn was acting outside the scope of his employment at the time of the accident, Plaintiff points to a line of cases in which New Mexico's appellate courts have held that employers were not liable for their employees' negligence in operating a motor vehicle outside the workplace.  See Richardson v. Glass, 114 N.M. 119, 122, 835 P.2d 835, 838 (1992); Nabors v. Harwood Homes, Inc., 77 N.M. 406, 408, 423 P.2d 602, 603 (1967); Benham v. All Seasons Child Care, Inc., 101 N.M. 636, 638, 686 P.2d 978, 980 (Ct. App. 1984); Zamora v. Foster, 84 N.M. 177, 179, 500 P.2d 1001, 1003 (Ct. App. 1972).  Plaintiff contends that this line of New Mexico authorities applies in this case, because Captain Johnfinn was driving his personal vehicle and was not in his office performing a particular task for his employer at the time of the accident.

In response to these assertions, Defendant United States has submitted Capt. Johnfinn's declaration that he had already reported to his office located on the grounds of Kirtland Air Force Base earlier in the morning and was en route to a mandatory military function at another location on the base when the accident occurred on the morning of August 27, 2004.  [Ex. A to Doc. 16; Ex. A to Doc. 17.]  Thus, the facts at issue here are distinguishable from the New Mexico cases that Plaintiff cites, because all of those cases involved accidents that occurred some distance away from the workplace.  See, e.g., Richardson, 114 N.M. at 122, 835 P.2d at 838 (employee not at a location associated with his employment at time of accident); Nabors, 77 N.M. at 408, 423 P.2d at 603 (employee had not yet reached the work site at time of accident); Benham, 101 N.M. at 638, 686 P.2d at 980 (employee not going to or from work at time of accident); Zamora, 84 N.M. at 179, 500 P.2d at 1003 (accident occurred one and one-half to two miles from workplace while employee was on his way home).  Plaintiff has submitted no admissible evidence to challenge the version of events set forth in Capt. Johnfinn's affidavit.  The accident report and photograph he submitted with his briefs do not contradict Capt. Johnfinn's account of his whereabouts before the accident or the purpose of his trip.  [Ex. C to Doc. 11, 13, 15.]

Under these circumstances, the fact that Capt. Johnfinn was driving his personal vehicle at the time of the accident is not enough to show that he was acting outside the scope of his employment.   Whether the employee is driving a company vehicle at the time of the accident is not, in itself, a dispositive factor under New Mexico law. See, e.g., Benham, 101 N.M. at 639, 686 P.2d at 981 (concluding that an employer was not liable even though the

employee was driving a company vehicle).  Instead, the Court looks to whether Capt. Johnfinn's driving of his vehicle at the time in question (1) "was something fairly and naturally incidental to the employer's business assigned to the employee," (2) "was done while the employee was engaged in the employer's business with the view of furthering the employer's interest," and (3) "did not arise entirely from some external, independent and personal motive on the part of the employee."    NMUJI Civ. 13-407 (2006); accord Richardson, 114 N.M. at 122, 835 P.2d at 838.

Even when an employee is driving his or her personal vehicle en route to or from a particular work station, an employer may be held liable for the employee's negligent driving if there are "'additional circumstances evidencing control by the employer at the time of the negligent act by the employee.'"  Richardson, 114 N.M. at 122, 835  P.2d at 838 (quoting Zamora, 84 N.M. at 178, 500 P.2d at 1002).  Here such additional circumstances are present, because regardless of whether Capt. Johnfinn already reported to his work station or was on his way to do so at the time of the accident, the undisputed fact remains that he is an Air Force officer and the accident occurred on the grounds of Kirtland Air Force Base, where the Department of the Air Force has a high degree of control over his actions (including his driving).

There are particular features of military employment (including both national and personal security concerns) which, of necessity, give a military employer a greater degree of control over its employee's actions on a military base than one would ordinarily find among employees traveling to work in the private sector.  For example, the grounds of

Kirtland Air Force Base are within the territorial jurisdiction of the United States and are patrolled by military police.  See, e.g., United States v. Redd, No. CR 05-1644 MCA (D.N.M. May 12, 2006) (unpublished memorandum opinion and order confirming Air Force's jurisdiction to conduct traffic stop of military officer on grounds of Kirtland Air Force Base).  The accident report submitted by Plaintiff indicates that both he and Capt. Johnfinn, as well as the witnesses who reported the accident and the law enforcement officers who responded to it, were all military employees operating within a military chain of command on the base.  [Ex. C to Doc. 11, 13, 15.]  Thus, for purposes of determining the scope of his employment in this case, I find that Capt. Johnfinn already arrived at his workplace and was under the control of his employer when he entered the grounds of the Air Force base and drove to or from a particular work station therein.

Under these circumstances, it would make no sense under New Mexico law or federal law to confine the scope of a service member's employment to a particular office or work station within an Air Force  base, such that the base as a whole is subdivided into thousands of individual work stations, and every service member runs the risk of falling outside the scope of his or her employment any time he or she leaves one work station to go to another. The fact remains that both parties to the accident at issue here were military employees engaged in activities incidental to their assigned duties on the Air Force base during the relevant time period.

While Plaintiff correctly points out that New Mexico law must be employed in this instance to determine the scope of Capt. Johnfinn's employment at the time of the accident,

see 28 U.S.C. § 1346(b)(1), I seriously doubt that a New Mexico court would fail to find that the scope of employment at issue here included Capt. Johnfinn's travel on the grounds of Kirtland Air Force Base.  An Air Force officer's presence on an Air Force Base, combined with the other undisputed facts recited above, presents "'additional circumstances evidencing control by the employer at the time of the negligent act by the employee.'" Richardson, 114 N.M. at 122, 835  P.2d at 838 (quoting Zamora, 84 N.M. at 178, 500 P.2d at 1002).  Such additional circumstances compel the conclusion that Capt. Johnfinn was acting within the scope of his employment under New Mexico law and is therefore immune from being sued in his personal capacity in this case.

Lacking a basis for proceeding against Capt. Johnfinn in his personal capacity in state court, Plaintiff must abide by the applicable statute of limitations for suing the United States in federal court.  Because Plaintiff did not file this action within the six-month statute of limitations set forth in 28 U.S.C. § 2401(b), his claims must be dismissed for lack of subject-matter jurisdiction.  Further, since the law applicable to this case presents one of the rare instances in which the jurisdictional defect in Plaintiff's pleading cannot be cured, the dismissal of Plaintiff's claims is with prejudice.  See Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988).

### C.      Defendant USAA's Motion to Dismiss

Defendant USAA Casualty Company moves to dismiss this action for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  This motion calls into question whether Plaintiff has a cause of action against Defendant USAA based solely on its status as Capt. Johnfinn's

insurer.  Under New Mexico law, there are certain preconditions which must be satisfied before a third party may proceed with litigation against a tortfeasor's insurer.  In this context, a third party wishing to bring an action against a tortfeasor's insurer for unfair claims practices in violation of New Mexico's Insurance Code must await the conclusion of his or her underlying negligence action against the tortfeasor.  See Hovet v. Allstate Ins. Co., 2004-NMSC-010, ¶ 25, 135 N.M. 397, 89 P.3d 69.  Similarly, when a third party joins a tortfeasor's mandatory automobile liability insurer in a negligence action against that tortfeasor under Raskob v. Sanchez, 1998-NMSC-045, ¶ 3, 126 N.M. 394, 970 P.2d 580, the general rule is that issues pertaining to the insurer are bifurcated and not revealed to a jury until after the first phase of the trial, in which the tortfeasor's fault is determined, see Martinez v. Reid, 2002-NMSC-015, ¶ 29, 132 N.M. 237, 46 P.3d 1237.

The present case arises in a different context than Martinez, Hovet, or Raskob, because the viability of Plaintiff's claims against Defendant USAA depends on whether the Westfall Act grants Capt. Johnfinn immunity from being sued in his personal capacity for acts that occurred within the scope of his employment as an Air Force officer.  Even under this posture, however, it still makes sense to first rule on the viability of Plaintiff's claims against Capt. Johnfinn before ruling on the viability of Plaintiff's claims against Defendant USAA.

In ruling on Plaintiff's motion to remand and Defendant United States' motion to dismiss, the Court has already determined that Plaintiff has no viable claims against Capt. Johnfinn in his personal capacity under state law.  Without an underlying state-law claim

against Capt. Johnfinn, there is no legally sufficient basis upon which to assert a claim pursuant to Raskob or Hovet against Defendant USAA as his insurer.  Therefore, Plaintiff's claims against Defendant USAA must be dismissed with prejudice for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).  I would reach the same result under Fed. R. Civ. P. 56 if the consideration of extrinsic evidence concerning the scope of Capt. Johnfinn's employment is deemed to convert Defendant USAA's motion to dismiss into a motion for summary judgment.

### D.   Defendant United States' Motion for Summary Judgment

The Court's disposition of Defendant United States' *Motion to Dismiss* [Doc. 3] makes it unnecessary to address the additional arguments set forth in this Defendant's *Motion for Summary Judgment.* [Doc. 24.]  While the disposition of the former motion depends on the Westfall Act, the statute of limitations, and the provisions of New Mexico law governing the scope of a tortfeasor's employment, the latter motion is based on a doctrine of sovereign immunity created by the federal Judiciary in Feres v. United States, 340 U.S. 135 (1950).

The arguments presented in the two motions may overlap insofar as some elements of the Feres doctrine are similar to the factors traditionally used in determining the scope of employment under the Westfall Act and state law.  Compare Shaw v. United States, 854 F.2d 360, 363 (10th Cir. 1988) (concluding that the Feres doctrine applied because a service member driving on the grounds of a military post 20 minutes before he was scheduled to report for duty was "involved in activity incident to his service" in the military), with NMUJI Civ. 13-407 (determining the scope of employment by reference to whether the activity in

question "was something fairly and naturally incidental to the employer's business assigned to the employee").   As a matter of logic, however, it is necessary to first answer the scope-of-employment question in a defendant's favor before proceeding to consider the <u>Feres</u> doctrine, because the <u>Feres</u> doctrine predates the Westfall Act and only comes into play once it is determined that a plaintiff's claims are properly asserted against the United States under the Federal Tort Claims Act.  <u>Cf.</u> <u>Durant v. Neneman</u>, 884 F.2d 1350, 1352 (10th Cir. 1989) (distinguishing the <u>Feres</u> doctrine from the related doctrine of intra-military immunity in the context of common-law tort actions against service members in their personal capacity that were filed before the effective date of the Westfall Act); <u>Pringle v. United States</u>, 44 F. Supp. 2d 1168, 1174 n.9 (D. Kan. 1999) (similar).

Here there is no need to rely on the <u>Feres</u> doctrine or the related doctrine of intra-military immunity because the Court has already determined that Capt. Johnfinn was acting within the scope of his employment under New Mexico law, thereby invoking the protections of the Westfall Act and the six-month limitations period provided in 28 U.S.C. § 2401(b). Nevertheless, the Court will briefly address Plaintiff's contentions that, pursuant to Fed. R. Civ. P. 56(f), he is entitled to conduct further discovery before responding to the <u>Feres</u> arguments presented in Defendant United States' *Motion for Summary Judgment*.  [Doc. 25.]

In <u>Osborn</u>, 127 S. Ct. at 892, our Supreme Court emphasized that the Westfall Act is "a measure designed to immunize covered federal employees not simply from liability, but from suit."  Thus, "a complaint's charge of conduct outside the scope of employment, when contested, warrants immediate judicial investigation. Were it otherwise, a federal employee

would be stripped of suit immunity not by what the court finds, but by what the complaint alleges." Id. at 898. "Immunity-related issues, the Court has several times instructed, should be decided at the earliest opportunity." Id. at 901.

Here the scope-of-employment and statute-of-limitations issues on which Capt. Johnfinn's immunity hinge were timely raised in the briefing on Plaintiff's motion to remand and Defendant United States' motion to dismiss. The briefing on these two motions provided the earliest opportunity for resolving this jurisdictional issue, and Fed. R. Civ. P. 12(b)(1) provided the appropriate procedural mechanism for doing so. See Cizek, 953 F.2d at 1232; Gonzalez, 284 F.3d at 287-88; Trobaugh, 35 Fed. Appx. at 814-15.

The United States Attorney's Certification [Doc. 1-3] creates a presumption that Capt. Johnfinn was acting within the scope of his employment and placed the burden on Plaintiff to come forward with specific evidence in rebuttal. See Anthony v. Runyon, 76 F.3d 210, 215 (8th Cir. 1996). Plaintiff was on notice that resolution of this question required consideration of factual material outside the pleadings, because Plaintiff's *Complaint* contains no jurisdictional allegations regarding the scope of employment or the statute of limitations, and Defendant United States' motion papers made it clear from the outset that the government was mounting a factual attack under Fed. R. Civ. 12(b)(1). See Anthony, 76 F.3d at 215. Further, this jurisdictional question does not require resolution under a summary-judgment standard because it is not inextricably intertwined with the merits of the case. The scope of Capt. Johnfinn's employment does not hinge on the substantive law or the facts pertaining to whether either party was negligent, whether that negligence was a

proximate cause of Plaintiff's injuries, or the amount of Plaintiff's damages.  See Gonzalez, 284 F.3d at 287-88.

Under these circumstances, to delay resolution of the scope-of-employment question until after the completion of discovery, as requested in Plaintiff's motion to stay [Doc. 25], would defeat the purposes of the Westfall Act, which are to provide federal employees with immunity from the burdens of proceeding with litigation, not just immunity from liability. Neither an evidentiary hearing nor additional time for discovery are necessary to resolve this question because Plaintiff has not identified a disputed issue of material fact warranting such proceedings under the relatively straightforward circumstances presented here, where there is no dispute that Capt. Johnfinn is an Air Force officer and the accident occurred while he was driving on the grounds of an Air Force Base.  As noted above, determining the scope of Capt. Johnfinn's employment in this context does not depend on knowing the minute details concerning whether or when he actually appeared at a particular office or work station on the Air Force base.  The only reasonable inference to be drawn here is that Capt. Johnfinn was already on the Air Force Base incident to his employment and subject to the control of his employer when the accident occurred.

## III.    **CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss are granted, Plaintiff's motions are denied, and Defendant United States' motion for summary judgment is denied as moot.  As there are no remaining claims or parties over which this Court has jurisdiction, this action will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that *Defendant United States of America's Motion to Dismiss* [Doc. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that *Defendant USAA Casualty Insurance Company's Motion to Dismiss for Failure to  State a Claim Upon Which Relief May Be Granted* [Doc. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that *Plaintiff's Motion to Remand* [Doc. 10] is **DENIED**.

**IT IS FURTHER ORDERED** that *Defendant United States of America's Motion for Summary Judgment* [Doc. 24] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion to Stay a Response and Ruling on Defendant United States of America's Motion for Summary Judgment* [Doc. 25] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** as to all parties and all claims.

**SO ORDERED** this 30th day of April, 2007, in Albuquerque, New Mexico.

_____

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**